UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **RAYFORD L. KELLER, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-02-62 |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court are (1) Plaintiffs' Motion for Leave to File Motion to Refer Case to Mediation (Dkt. #46) and (2) Plaintiffs' Motion to Refer Case to Mediation (Dkt. #47). Defendant did not respond to Plaintiffs' request for leave. Pursuant to LR 7.4, "[f]ailure to respond will be taken as a representation of no opposition." Accordingly, the motion for leave is hereby GRANTED.

Defendant did file a response in opposition to the referral motion citing its (1) view that mediation would be unsuccessful and (2) inability to comply with the requirement of LR 16.4.F that "[p]arty representatives ... with authority to settle and all other persons necessary to negotiate a settlement ... must attend the ADR proceeding." With respect to the latter, Defendant alternatively requested that, if ordered to mediate, it be allowed some reasonable accommodation regarding the attendance requirements. Specifically, Defendant requested that the Court allow it to attend mediation, if ordered to do so, represented by trial counsel "and a representative of the Office of Chief Counsel of the IRS with the Tax Division's Office of Review available by telephone." (Dkt. #48 at 3). Defendant further noted that it would need at least 60 to 90 days to vet any settlement proposal produced at mediation with the client agency in this case, the Internal Revenue Service. *Id.*

Pursuant to 28 U.S.C. § 652 and LR 16.4.C, this Court is authorized to order parties in civil cases to mediate, even over opposition or objection by one or all of the parties. This Court also has

the "general inherent power to require a party to have a representative with full settlement authority present – or at least reasonably and promptly accessible – at pretrial conferences. This applies to the government as well as private litigants." *In re Stone*, 986 F.2d 898 (5th Cir. 1993). However, this Court also appreciates "the unique position of the government as a litigant" and the "special problems the Department of Justice faces in handling the government's ever-increasing volume of litigation." *Id.* at 903 & 904−05. Here, the Court is convinced that the parties should be ordered to mediate, but that practical considerations require it to accommodate the Defendant's unique circumstances. *Id.* at 904−05. *See also In re U.S.*, 149 F.3d 332, 333−35 (Dennis, J., concurring).

Accordingly, the Court is of the opinion that Plaintiff's Motion to Refer Case to Mediation should be GRANTED, but that the Defendant shall not be obligated by the requirement in LR 16.4.F that its representatives at mediation have full settlement authority. Instead, the Defendant is hereby ordered as follows: (1) to consider settlement in advance of mediation; (2) if the parties are unable to reach a settlement prior to mediation, the Defendant shall be represented at mediation by its trial counsel and a representative of the Office of Chief Counsel of the Internal Revenue Service; and (3) to have an adviser with the Tax Division's Office of Review available by telephone to discuss settlement at the time of mediation and to advise the Court and the Plaintiffs prior to the date of mediation of the identity of such person. Finally, if the parties are able to produce a settlement proposal at mediation, the Defendant shall have a reasonable amount of time, but in any event not more than sixty days from the date of the last mediation session, to determine whether or not to enter into a binding settlement agreement.

The mediation shall proceed as follows:

1. *Appointment.*

    The parties shall select a mediator and notify the court, within ten business days of the entry of this Order, of the mediator's identity. If the parties are unable to agree on the appointment of a mediator within ten business days of the entry of this order, they are instructed to

        immediately notify the Court via letter and the Court will appoint a mediator.

2. *Procedure.*

    A. Within five business days from the appointment of the mediator, either by agreement or court order, all counsel must contact the mediator to arrange the mediation. If there is no agreement, the mediator will select a date, and the parties must appear as directed by the mediator.

    B. Mediation must occur within sixty days of the entry of this Order. If the parties require additional time, such request shall be made via motion stating with particularity the reason for the extension.

    C. All proceedings in a mediation are confidential and privileged. No party shall serve subpoenas, summons, or discovery papers on a participant en route to or from or at a mediation session.

    D. Within ten days of the mediation, the mediator shall file with the Clerk the memorandum required by LR 16.4(K). No one is to provide any information about the mediation beyond that memorandum to the Court.

3. *Requirements.*

    A. Counsel and the parties shall endeavor in good faith to resolve the case through mediation.

    B. Each party must be present during the entire mediation. Unless otherwise directed by this Order, individual parties must appear in person; others must appear by a principal, partner, officer, or other official with binding authority to negotiate.

    C. If insurance companies must be involved in a settlement, representatives of such companies with authority to negotiate and to agree must attend the mediation.

4. *Fee.*

The mediator, in consultation with the parties, will determine the fee for the mediation. The

fee shall be divided between the parties equally per capita unless otherwise agreed. Fee disputes will be heard by the Court by motion *after* the mediation.

5.   *Scheduling Order.*

Dates and/or deadlines in any Scheduling Order are hereby suspended pending the outcome of the mediation. If the mediation is unsuccessful, the Court will enter a new Scheduling Order. Pending motions, if any, are stayed until the completion of the mediation. If necessary, the parties may seek leave of court to submit motions during the mediation period.

It is so ORDERED.

Signed this 26th day of May, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE