IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| THOMAS LANE KELLER, ANN § <br> HARITHAS & STEVEN CRAIG § <br> ANDERSON, CO-INDEPENDENT § <br> EXECUTORS UNDER THE WILL § <br> OF MAUDE WILLIAMS, deceased, § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> § <br> Defendant. § <br> § | CIVIL ACTION NO. V-02-62 |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Plaintiffs' Motion to Amend and Make Additional Findings (Dkt. No. 118), to which Defendant United States of America ("the Government") has responded (Dkt. No. 119). Having considered the motion, response, record, and applicable law, the Court is of the opinion that Plaintiffs' motion should be **GRANTED** in part and **DENIED** in part.

**I. Background and Procedural History**

On August 20, 2009, the Court issued its Findings of Fact and Conclusions of Law and granted Plaintiffs' request for an estate tax refund. (Dkt. No. 90.) The Court further ordered Plaintiffs to submit a proposed calculation of the deductions the Court found to be permissible, to wit: interest on the loan, attorneys' fees, and miscellaneous administrative expenses such as court costs, accountants' fees, and appraisers' fees. (*Id.*) Over the course of the next several months, the Parties filed numerous pleadings related to Plaintiffs' proposed calculation of deductions,[1]

---

1. *See* Plaintiffs' Proposed Calculation of Deductions (Dkt. No. 90); Government's Objections to Plaintiffs' Proposed Calculation of Deductions (Dkt. No. 93); Plaintiffs' Response to Defendant's Objections to Plaintiffs' Proposed Calculation of Deductions (Dkt. No. 98); Government's Reply to Plaintiffs' Response to Defendant's Objections to Plaintiffs' Proposed Calculation of Deductions (Dkt. No. 103); Plaintiffs' Response to Government's

and on September 15, 2010, the Court entered its Memorandum Opinion and Order on this issue. (Dkt. No. 113.) Final Judgment was entered on October 21, 2010. (Dkt. No. 117.)

Plaintiffs now move the Court to amend its findings related to the deductibility of certain expenses and to amend and/or alter its Judgment pursuant to FED. R. CIV. P. 52(b).

**II. Analysis**

### A. Plaintiffs' First Requested Amendment

Plaintiffs first ask the Court to reconsider its finding that the Government was not prohibited from objecting post-trial to the deductibility of executors' and trustees' fees, and to instead hold that the $12,000,000 of executor/trustee fees paid to Ann Harithas, Michael Anderson, and Steven Anderson is deductible under Section 2053 of the Internal Revenue Code ("§ 2053"). In support of their claim that the Government "conceded" before trial that there was no issue as to the deductibility of executors' and trustees' fees in this action, Plaintiffs cite the Governments' response to Interrogatory No. 11 to Plaintiffs' First Set of Interrogatories, in which the Government stated that "[t]he United States does not at this time assert the administration expenses incurred for executor and/or trustees fees should not be deductible administration expenses under Section 2053 of the Internal Revenue Code." (Dkt. No. 118, Ex. A at 7.) According to Plaintiffs, because the Government did not withdraw or amend its response before trial, Plaintiffs believed that the deductibility of the fees was not at issue and did not present evidence at trial to substantiate the deductibility of the fees. Absent the Governments' "misleading Answer to Interrogatory No. 11," Plaintiffs maintain that they would have proved that Harithas, Anderson, and Anderson performed many necessary and valuable services as

---

Reply to Plaintiffs' Response to Defendant's Objections to Plaintiffs' Proposed Calculation of Deductions (Dkt. No. 109); Plaintiffs' Second Amended Proposed Calculation of Deductions (Dkt. No. 111).

executors and trustees, and that the $12,000,000 in fees paid to them in those capacities were appropriately deductible under § 2053.

The Government opposes Plaintiffs' first requested amendment on several grounds. First, the Government argues that when Interrogatory No. 11 was posed, the only "claim" for executors' and trustees' fees was the "estimate" of such fees included on the estate tax return, and those fees were not itemized until after the Court issued its findings after the trial. Next, the Government points out that the language used in its response—"does not at this time"—clearly preserved the Government's right to later object to such expenses and put Plaintiffs on notice that such expenses, when finally asserted, were subject to objection. Finally, the Government points out that the Court has already considered and rejected a similar waiver argument raised by Plaintiffs in its September 15, 2010 Memorandum Opinion and Order, holding:

> [T]his is not a situation where Defendant should be precluded from challenging the "amount" of executor/trustee fees. The amount of Plaintiffs' executor/trustee fees was unclear when this action was filed—the amount asserted at that time was an estimate. Payment of the executor/trustee fees did not start until late December 2003 and was not completed until early January 2008—even though the Estate tax return was filed in August 2001. (Dkt. No. 98, Ex. C). The Government is not precluded from objecting to the amount of the executor/trustee fees any more than the Plaintiffs are precluded from claiming additional attorneys' fees. In order for Plaintiffs to deduct executor/trustee fees as administrative expenses, those fees must be actually and necessarily incurred in the administration of the decedent's estate. 26 U.S.C. § 2053(a); Treas. Reg. § 20.2053-3(a).

(Dkt. No. 113 at 12).

The Court finds that because the payment of executors' and trustees' fees was not even begun until late December 2003—after the Government's interrogatory response was served—the Government could not have raised its necessity objection in its interrogatory response. Moreover, the Court is satisfied that the Government's use of the language "does not at this time" sufficiently preserved the Government's right to later object to such expenses.

3

Accordingly, the Government did not concede that there was no issue as to the deductibility of executors' and trustees' fees in this action, and it was not prohibited from contesting those fees post-trial. Plaintiffs' first requested amendment is therefore **DENIED**.

### B. Plaintiffs' Second Requested Amendment

Plaintiffs next ask the Court to amend the record to include the Renewed, Extended, Modified, and Restated Promissory Note between Plaintiffs and MOW/RPW, Ltd. (the "Extended Promissory Note") (Dkt. No. 118, Ex. B), executed February 15, 2010—four days after Plaintiffs submitted their Second Amended Submission of Deductions to the Court. The Extended Promissory Note extends the due date of the Original Promissory Note—which had a maturity date of February 14, 2010—to February 14, 2013. According to Plaintiffs, the purpose of including the Extended Promissory Note is to make the record complete as to the related loan and interest deductions through October 21, 2010, the date of the Court's Final Judgment.

The Government objects to the inclusion of the Extended Promissory Note on the basis that it is simply another attempt to create more § 2053 interest deductions for the estate. The estate and the trusts had nine years to pay off the original note from liquid assets held in the partnership that is owned by Trust A and Trust M. However, under the terms of the Extended Promissory Note, $807,092 of the $820,800 of interest expense would be paid by the Government rather than the makers of the note—the estate and Trust A and Trust M—who are also the partners of the partnership that is the payee of the note.[2]

The Court agrees with the Government's position that there is no justification for submitting the Extended Promissory Note except to manufacture additional administrative

---

[2]. As the Government explains, under the terms of the Extended Promissory Note, the first interest payment of $820,800 ($114 million x .0072) would be paid annually on February 15, 2011. If the estate is allowed a deduction of this amount on its Form 706, then it will generate a refund of 98.33 % of the amount paid.

4

expense deductions. Moreover, as stated in the Court's September 15, 2010 Memorandum Opinion and Order addressing the Plaintiffs' proposed calculation of deductions, "[B]ecause the Court must determine a cut-off point for its involvement in the calculations at issue, the Court will only consider administrative expenses paid through February 10, 2010, in ruling on whether Plaintiffs' administrative expenses are proper." (Dkt. No. 113 at 2 n.2.) The Court finds no reason to amend the record to include the Extended Promissory Note, which was executed four days after this cut-off point, roughly six months after the Court's Findings of Fact and Conclusions of Law were entered, and more than seven years after this lawsuit was filed. Accordingly, Plaintiffs' second amended request is **DENIED**.

### C. Plaintiff's Third Requested Amendment

Finally, Plaintiffs ask the Court to correct a clerical error that resulted when Plaintiffs erroneously attached a prior draft of their attorneys' fee agreement with Meadows, Owens, Collier, Reed Co. to their Proposed Calculation of Deductions (Dkt. No. 90, Ex. 2) and Response to Defendant's Reply to Plaintiffs' Response to Defendant's Objections to Plaintiffs' Proposed Calculations of Deductions (Dkt. No. 109, Ex. 8). According to Plaintiffs, it was the understanding of the parties that the fee agreement would include an offset for the cost of hourly fees paid to appeal the case; whereas, the draft Plaintiffs submitted to the Court did not include the offset language. The Government does not object to Plaintiffs' request to substitute the "Amended and Restated Fee Agreement" for the one that was previously submitted.

Accordingly, Plaintiffs' third amended request is **GRANTED**. However, this does not alter the Court's previous finding that "the contingency fee is not necessary to the administration of the Estate . . . ." (Dkt. No. 113 at 7.)

## III. Conclusion

For the reasons set forth above, Plaintiffs' Motion to Amend and Make Additional Findings (Dkt. No. 118) is **DENIED** with respect to Plaintiffs' first and second requested amendments and is **GRANTED** with respect to Plaintiffs' third requested amendment. The Clerk is hereby instructed to substitute the "Amended and Restated Fee Agreement" (Dkt. No. 118, Ex. C) for the one previously submitted to the Court (Dkt. No. 90, Ex. 2; Dkt. No. 109, Ex. 8).

It is so **ORDERED**.

**SIGNED** this 29th day of April, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE